Ibikunle Sunday FAYEMI,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

Docket No. 01–6188.

United States Court of Appeals,
Second Circuit.

May 10, 2002.

Ibikunle Sunday Fayemi, Pro Se (On submission), for Appellant.

Alan Vinegrad, United States Attorney for the Eastern District of New York (Michael J. Goldberger, Arthur P. Hui, Varuni Nelson, on brief), Brooklyn, New York (On submission), for Appellee.

Present PARKER, STRAUB, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the district court's denial of appellant's petition for return of his vehicle be and it hereby is AFFIRMED.

Petitioner-appellant Ibikunle Sunday Fayemi, pro se and in forma pauperis, appeals from the district court's judgment denying his motion for the return of a white 1992 BMW seized by the government in 1994 after an administrative forfeiture action. On appeal, Fayemi argues that the district· court erred when, after concluding that Fayemi did not receive proper notice of the forfeiture and that the statute of limitations had run on the government's ability to bring a new forfeiture action, it conducted a hearing on the merits of the forfeiture claim and determined that the automobile was properly seized because it was purchased with the proceeds of narcotics transactions.

This Court's recent decision in *Alli–Balogun v. United States* governs this case. 281 F.3d 362 (2d Cir.2002). Although the district court ruled before our decision in *Alli–Balogun* and thus without the benefit of our holding in that case, under *Alli–Balogun*'s now-governing standard, we find that the district court erred when, after vacating the administrative forfeiture of Fayemi's vehicle for lack of notice after the expiration of the statutory period for the bringing of a forfeiture proceeding, it held a hearing on the merits rather than allowing Fayemi the opportunity to pursue a remedy under Rule 41(e) or in an equitable civil proceeding. *Id.* at 371–72. We further find, however, that because the evidence presented before the district court adequately demonstrated that the BMW was purchased with drug proceeds and used in the course of drug transactions, the district court's error was harmless as Fayemi could not have proven a right of lawful possession in a civil proceeding. *See id.* at 372 ("[W]e need not remand this case for a hearing on [petitioner's] civil equitable motion, because the evidence in the hearing in district court, regardless of presumptions, demonstrates that [the petitioner] is not entitled to relief.")

For the reasons set forth above, the district court's denial of Fayemi's petition for return of his forfeited vehicle is AFFIRMED.